UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>SHA-RON HAINES,<br><br>    Defendant | Case No.: 2:14-cr-000264-APG-VCF<br><br>**Order Denying Defendant's Motion Under 28 U.S.C. § 2255**<br><br>[ECF No. 343] |

Defendant Sha-Ron Haines moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Haines argues that appellate counsel was ineffective in failing to effectively distinguish two cases the Ninth Circuit relied on in denying Haines's direct appeal. Haines argues counsel failed to distinguish that *United States v. Elbert*[1] involved consent, which is not a defense to sex trafficking, but Haines's mere presence argument was a valid defense. He also argues appellate counsel failed to distinguish *United States v. Shamsud-Din*,[2] which involved irrelevant evidence, whereas J.C.'s testimony that she had not previously used a pimp was relevant to bolster J.C.'s testimony that Haines was not her pimp.

The United States responds that Haines has not shown appellate counsel's performance was deficient because counsel litigated the issue of J.C.'s testimony and the court's evidentiary ruling under Federal Rule of Evidence 412, and Haines merely disagrees with how counsel presented the issues and how the Ninth Circuit ruled. The United States also argues Haines cannot show prejudice because he does not explain how he would have prevailed on appeal,

---

[1] 561 F.3d 771 (8th Cir. 2009).

[2] No. 10 CR 927, 2011 U.S. Dist. LEXIS 124449, 2011 WL 5118840 (N.D. Ill. Oct. 27, 2011).

particularly where the Ninth Circuit ruled any error related to the excluded testimony was harmless.

Federal prisoners may file a § 2255 motion to "vacate, set aside or correct" a criminal sentence that "was imposed in violation of the Constitution or laws of the United States" or "was in excess of the maximum authorized by law . . . ." 28 U.S.C. § 2255(a).  To prevail on a claim of ineffective assistance of counsel under § 2255, Haines must show counsel's performance was deficient and that counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To show deficient performance, Haines must show that his "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (citations and quotations omitted). The "proper standard for judging attorney performance is that of reasonably effective assistance." *Strickland*, 466 U.S. at 687.  "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.*  I review an ineffectiveness claim against the backdrop of the "strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *Stokley v. Ryan*, 659 F.3d 802, 811-12 (9th Cir. 2011) (quotation omitted).

To establish prejudice, Haines must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*  The movant thus does not prove prejudice by listing the things he thinks his attorney should have done, and then speculating that, had he done them, there might

have been a different outcome. Rather, the movant must state the specific facts that, but for counsel's deficient performance, would have likely produced a more favorable result. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."); *Gonzalez v. Knowles*, 515 F.3d 1006, 1015-16 (9th Cir. 2008) ("Gonzalez does not contend that he actually suffered from a mental illness; he merely argues that if tests had been done, and if they had shown evidence of some brain damage or trauma, it might have resulted in a lower sentence. Such speculation is plainly insufficient to establish prejudice.") (emphases omitted).

I deny Haines's motion because he cannot show prejudice. In denying Haines's direct appeal, the Ninth Circuit held that even if I misapplied Rule 412 during trial, "any error would be harmless." ECF No. at 11. The Ninth Circuit stated:

> Haines was able to present his theory of the case through J.C.'s testimony that he was not her pimp during the trip to California, that she engaged in the charged acts of prostitution on her own and without his encouragement or involvement, and that she kept the money she earned. Haines was also able to argue to the jury in closing that this trip to California was not J.C.'s 'first rodeo,' that she knew where the track was, and that she knew how to place ads on Backpage. The district court also gave the jury a 'mere presence' instruction in support of the defense, explaining that to convict in this case '[t]he defendant must be a participant and not merely a knowing spectator,' which Haines incorporated into his argument. It is hard to see how additional testimony about J.C.'s other 'solo' prostitution-related activities would have materially aided the defense.

*United States v. Haines*, 918 F.3d 694, 699-700 (9th Cir.), *cert. denied*, 140 S. Ct. 255 (2019). Because the Ninth Circuit ruled that any evidentiary error regarding the admissibility of J.C.'s testimony about her prior prostitution activities was harmless, Haines cannot show he was prejudiced by his appellate counsel's alleged failure to adequately distinguish *Elbert* and *Shamsud-Din* on the merits of the evidentiary question. I therefore deny his motion.

To appeal this order, Haines must receive a certificate of appealability from a circuit or district judge. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22-1(a).  To obtain this certificate, Haines "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).  Reasonable jurists could not debate that Haines has failed to show he is entitled to relief.  I therefore deny him a certificate of appealability.

I THEREFORE ORDER that defendant Sha-Ron Haines's motion under 28 U.S.C. § 2255 **(ECF No. 343) is DENIED**.

I FURTHER ORDER the clerk of court to enter a separate civil judgment denying defendant Sha-Ron Haines's § 2255 motion.  The clerk also shall file this order and the civil judgment in this case and in the related civil case number 2:20-cv-1864-APG, and then close that case.

I FURTHER ORDER that Haines is denied a Certificate of Appealability.

DATED this 13th day of May, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE